FILED
August 14, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ULISES GABRIEL HERNANDEZ GONZALEZ, A# 221 376 474,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **NO. SA-26-CV-04267-OLG** |
| **v.** | § | |
| | § | |
| **MIGUEL VERGARA, Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operation San Antonio, ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the second 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Petitioner Ulises Gabriel Hernandez Gonzalez and his supplement thereto.[1] (Dkt. Nos. 1, 16). Upon review, the Court finds that the Petition should be and hereby is **DENIED** without service on Respondents.

### BACKGROUND

Petitioner is a native of Mexico who was temporarily admitted to the United States on a visitor visa. *See Hernandez Gonzalez v. Vergara*, No. 5:26-CV-03460-OLG, Dkt. No. 7 (W.D. Tex. June 23, 2026). Petitioner remained in the United States beyond the period authorized by his visa. *Id.* Immigration authorities encountered Petitioner in 2026, arresting him and placing him in removal proceedings. *Id.* Petitioner received a bond hearing on May 19, 2026. *Id.* The Immigration Judge ("IJ") determined Petitioner was a flight risk and denied bond. *Id.* Following the denial of

[1] This matter was first assigned to the Honorable Fred Biery. However, it was transferred to the Undersigned by Order dated July 31, 2026, pursuant to Subpart B of Section IV of the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, and this Court's first-to-file rule for civil cases. (Dkt. No. 14); *see* https://www.uxwd.uscourts.gov/judges-information/standing-orders/ (last visited Aug. 14, 2026).

bond, Petitioner filed his first habeas action in this Court through counsel. *Id.* at Dkt. No. 1. Petitioner subsequently filed an Amended Petition. *Id.* at Dkt. No. 4.

Upon review of the Amended Petition, this Court determined it was precluded from reviewing the IJ's bond determination based on § 1226(e) of Title 8 of the United States Code. *Id.* at Dkt. No. 7. That section provides that the "Attorney General's discretionary judgment … shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). This, of course, includes decisions by immigration judges who are acting on behalf of the Attorney General. Thus, in sum, § 1226(e) strips this Court of jurisdiction to review the IJ's factual findings. *Id.* at Dkt. No. 7 (citing *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *report & recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025); *Hernandez-Azuaje v. Hyde*, No. 25-CV-13224, 2026 WL 221833, at *1 (D. Mass. Jan. 28, 2026)). Because the Court found it lacked jurisdiction to review the IJ's determination that Petitioner posed a flight risk, the Court dismissed without prejudice his habeas claims. *Id.* at Dkt. No. 7.

Petitioner has now filed a second Petition, which was filed *pro se*, and a supplement to the Petition. (Dkt. Nos. 1, 16). In the current Petition and the supplement, Petitioner raises two due process challenges. The Court will address each challenge separately.

**JURISDICTION**

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2-4 (W.D. Tex. Dec.

15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6-7 (W.D. Tex. Oct. 21, 2025) (same).

## ANALYSIS

### *A. Burden of Proof at Bond Hearing*

Petitioner first contends his current Petition differs from the first-filed Petition in that he is not asking the Court "to reweigh or disturb the determination that [he] is a flight risk," which he agrees this Court has no jurisdiction to so. (Dkt. No. 1); *see* 8 U.S.C. § 1226(e). Rather, Petitioner now contends the IJ violated his procedural due process rights by placing the burden on him at the

bond hearing to prove he is not a flight risk. (Dkt. Nos. 1, 16). Petitioner contends the Government must bear the burden to prove he is a flight risk or a danger to the community. (*Id.*).

Petitioner is mistaken. This Court has repeatedly held that "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *E.g., Rahimi v. Thompson*, No. 5:25-CV-01338-OLG, Dkt. No. 23 at 5-6 (W.D. Tex. Apr. 7, 2026). Accordingly, to the extent Petitioner asserts a due process challenge based on the burden of proof at his bond hearing, his Petition must be denied.

***B. Prolonged Detention***

Petitioner next contends that his detention—since March 22, 2026—has become prolonged, violating his rights to substantive and procedural due process. (Dkt. Nos. 1, 16). Admittedly there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). However, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *see Maramba v. Mukasey*, No. 08-CV-351, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008). Petitioner may be frustrated by the length of his detention, but his detention is only ongoing because his removal proceedings are ongoing. As recognized by the Eighth Circuit, an alien detainee like Petitioner "has the keys in his pocket and can end his detention immediately by withdrawing his defense and returning to his native land." *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024).

## CONCLUSION

Based on the foregoing, Petitioner Ulises Gabriel Hernandez Gonzalez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) must be and hereby is **DENIED**.

It is **ORDERED** that Petitioner's pending motions (Dkt. Nos. 18, 19) are **DISMISSED WITHOUT PREJUDICE AS MOOT**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on August 14, 2026.

ORLANDO L. GARCIA
United States District Judge